UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| EDDIE CHARLEY ROBINSON, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 3:14-CV-31 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Defendant. | § | |

## ORDER OF DISMISSAL

Petitioner Eddie Charley Robinson (TDCJ #1094336) seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a disciplinary case. Having reviewed the petition, this case will be dismissed for the reasons stated below.

On March 12, 2013, petitioner was found guilty of conspiring with a correctional officer to introduce marijuana, cocaine and tobacco onto the Darrington Unit, a felony violation under Section 15.02 of the Texas Penal Code. Having reviewed the pleadings and the official disciplinary records obtained from the Texas Attorney General's Office via a *Martinez* report[1], this case will be dismissed for the reasons stated below.

Punishment for the offense included a forty-five day restriction of commissary and recreation privileges. Although petitioner claimed that

---

[1] *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1987).

punishment included a loss of good time days, the record reveals that no good time was forfeited.  For this reason, petitioner is ineligible for federal habeas relief.

State prisoners seeking federal court review of a conviction pursuant to 28 U.S.C. § 2254 must assert a violation of a federal constitutional right.  *Lawrence v. Lensing,* 42 F.3d 255, 258 (5th Cir. 1994); *Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir. 1993).  In the context of disciplinary proceedings a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  *See Wolff v. McDonell*, 418 U.S. 539, 557 (1974).  Institutional rules violations implicate the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest.  *See Sandin v. Conner*, 515 U.S. 472 (1995).  Liberty interests emanate from either the Due Process Clause or from state law.  *See Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). The Due Process Clause does not grant a constitutional right to conditional release before the expiration of a valid sentence.  *See Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979).  Likewise, the Due Process Clause does not guarantee an inmate good-time credit for satisfactory behavior while in prison.  *Wolff*, 418 U.S. at 557; *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).

In determining whether state law gives rise to a liberty interest, the Supreme Court has decided that only those state-created substantive interests that "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause.  *Sandin*, 515 U.S. at 487; *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996).  In Texas, it is well established that only those inmates who are eligible for mandatory supervision have a constitutional expectancy of early release under the Texas mandatory supervision scheme and a protected liberty interest in the good-time credits that they have earned.  *Malchi v. Thaler*, 21 F.3d 953, 956 (5th Cir. 2000); *see also Teague v. Quarterman*, 482 F.3d 769 (5th Cir. 2007).

The sanctions imposed in the instant disciplinary case does not implicate petitioner's constitutional rights because he lost no good-time.  A loss of good-time days, which may affect a prisoner's eligibility for early release from prison, constitutes a potential challenge to the fact and duration of confinement and is properly considered in a habeas attack.  *See* TEX.CODE. CRIM. P. ANN. art. 42.18 §8 (Vernon 1996); *Cook v. Texas Dept. of Criminal Justice Transitional Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994).  Petitioner suffered only a temporary loss of privileges, which merely constitutes a minimal and temporary change in his conditions of confinement and does not, therefore, implicate the protections afforded by the Due Process Clause.  *See Madison*, 104 F.3d at 767-68.

To the extent the petitioner's claims are interpreted as a challenge to his eligibility for parole, he still has not stated a claim that invokes due process. While procedures relative to parole may affect an inmate's duration of confinement, it is well settled that Texas parole statutes do not confer a liberty interest. "It follows that because [the petitioner] has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Orellana,* 65 F.3d at 32. Therefore, to whatever extent the challenged disciplinary proceeding affects petitioner's eligibility for parole, his due process rights have not been violated.

Based on the foregoing, the Court concludes that this petition for writ of habeas corpus must be dismissed because petitioner has failed to state a claim that is cognizable under federal habeas review.

## **CERTIFICATE OF APPEALABILITY**

Under the AEDPA, a petitioner must obtain a certificate of appealability before he can appeal the district court's decision to dismiss his petition. This court will grant a certificate of appealability only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make a substantial showing, a petitioner must demonstrate that issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to

proceed further. *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir. 1998). For the reasons stated in this memorandum and order, petitioner has not made a substantial showing of the denial of a constitutional right. *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996). The Court will deny the issuance of a Certificate of Appealability.

The Court **ORDERS** the following:

1. The petition for writ of habeas corpus is **DISMISSED** with prejudice.

2. A Certificate of Appealability is **DENIED.**

All pending motions, if any, are DENIED.

SIGNED this 5th day of May, 2014.

_____
Gregg Costa
United States District Judge